IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## WESTERN DIVISION.

### KNOXVILLE SEPTEMBER TERM, 1922.

LUCRETE CLARK *et al. v.* SALLIE BULLEN *et al.*\*

(*Knoxville.* September Term, 1922.)

1. **HOMESTEAD.** Widow's homestead right held forfeited by removal from state.

A widow to whom a homestead right in the lands of her deceased husband has been set aside forfeits such right by removal from the State. (*Post, pp.* 265-268.)

Acts cited and construed: Acts 1879, ch. 171.

Cases cited and approved: Briscoe v. Vaughn, 103 Tenn., 308; Coile v. Hudgins, 109 Tenn., 217; Henry v. Wilson, 77 Tenn., 176.

Code cited and construed: Secs. 4139, 4141, 4142, 4143, 4144 (S.). Constitution cited and construed: Art. 11, sec. 11 (1870).

2. **DOWER.** Widow forfeiting homestead right held not entitled to dower upon homestead tract.

---

\*As to whether a widow's dower right is allotted to her as a homestead extinguished, or merely in abeyance is discussed in note 10 L. R. A. (N. S.), 1206.

On the effect on rights of children by abandonment of homestead by surviving parent see note 56 L. R. A., 80.

Clark v. Bullen.

Shannon's Code, section 4139, creates a dower right in one-third of the husband's lands which by section 4141 inures to her use for her natural life, such third by section 4142 to comprehend the dwelling house with other improvements unless the widow agrees that it shall not be included. Section 4143 authorizes the court to set apart to her part of the homestead to prevent injustice to the children, and section 4144 authorizes an assignment by value where there are separate tracts. Section 3798 provides for homestead of the value of $1,000, and section 4145 requires the commissioner, when the widow is entitled to both homestead and dower rights, to set apart the homestead first and one-third of the remainder as dower. A widow to whom both dower and homestead were assigned forfeited her homestead rights by removal from the State and then attempted to claim dower in the homestead tract. *Held*, that such allowance was not authorized by the statutes. (*Post, pp.* 268-273.)

Case cited and approved: Chrisman v. Linderman, 202 Mo., 605.

Case cited and distinguished: Christopher v. Christopher, 92 Tenn., 411.

## FROM GRAINGER.

Appeal from the Chancery Court of Grainger County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. BEN W. HOOPER, Chancellor.

MONTGOMERY, DONALDSON & MONTGOMERY, for appellants.

J. G. WALLER and HARRIS & BEELER, for defendants.

MR. JUSTICE HALL delivered the opinion of the Court.

W. T. Dalton died intestate, a resident of Grainger county, in the year 1914. He left surviving him his widow, Sallie Dalton, who has since intermarried with Charlton

Bullen, and two brothers and one sister as his only heirs at law; he never having had any children.

Soon after her husband's death the defendant Sallie Dalton, as she was then, applied to the county court of Grainger county at its August term, 1914, to have homestead and dower assigned and set apart to her in the lands of which her husband died seized and possessed. This application was granted, and commissioners were accordingly appointed by the court to set apart homestead and dower to the widow, and, acting in obedience to said appointment and order, they did set apart to the widow homestead and dower out of the lands of her deceased husband, and duly made and filed their report in writing showing their action in the premises, filing as a part of their report a plat showing the boundary of the tracts which had been set apart to the widow as homestead and dower, specifically and separately describing both the homestead and dower tracts. This report being unexcepted to was duly confirmed by the court.

Something like a year after homestead and dower had been set apart to the widow, she intermarried with Mr. Bullen, as hereinbefore stated, and permanently removed to the State of Kentucky, where she has since resided with her husband.

The present bill was filed by complainant, the sister, and one of the heirs at law of the said W. T. Dalton, deceased, on August 30, 1920, in the chancery court of Grainger county against the defendant Sallie Bullen and the other heirs at law of the deceased, W. T. Dalton, to have sold the homestead and dower tracts for division among his heirs at law.

The complainant alleged in her bill that by virtue of her marriage and removal from the State of Tennessee to the State of Kentucky, the defendant Sallie Bullen had lost and forfeited her homestead right in the tract that had been assigned to her as a homestead, in the proceeding had in the county court of Grainger county shortly after her first husband's death. The bill asked that the dower tract of Mrs. Bullen be sold along with the homestead tract, to the end that the purchaser might acquire an unincumbered title in fee, and that the value of the interest of Mrs. Bullen in the dower tract be ascertained, fixed, and paid to her from the proceeds of sale of the dower tract.

Defendant Sallie Bullen answered the bill, admitting that her first husband, W. T. Dalton, died on the date alleged in the bill, and that shortly after her husband's death homestead and dower were assigned to her out of the lands of which her husband died seized and possessed, and that some time after this was done she intermarried with J. C. Bullen, and shortly after her second marriage she removed with her husband to the State of Kentucky, and took up her residence and established her domicile in that State, and has since resided there. She denied, however, that by so doing she abandoned or forfeited her homestead right in the tract of land assigned to her as a homestead out of her first husband's lands situated in Grainger county, Tenn.

The answer averred that she was entitled to both homestead and dower, as set apart to her by the proceeding had in the county court of Grainger county soon after her husband's death, but that she was willing for both the homestead and dower tracts to be sold for partition along with the other interests therein, and that she was willing to

take the value of said homestead and dower rights in money when their values should be properly ascertained and fixed by the court.

Upon the hearing the chancellor held, and properly so, that the defendant Sallie Bullen, by her removal from the State of Tennessee to the State of Kentucky, lost or forfeited her homestead right in the tract of land that had been assigned to her as such, and the correctness of this holding of the chancellor is not now questioned. . The chancellor also held that Mrs. Bullen was entitled to have dower assigned to her out of the tract that had been originally assigned to her as a homestead, and so decreed; the chancellor holding that Mrs. Bullen was entitled in the present action to have a reassignment of dower to her, so as to set apart to her as such one-third in value of the tract that had formerly been assigned to her as a homestead.

From this latter holding of the chancellor complainant appealed to the court of civil appeals. That court reversed the decree of the chancellor, holding that Mrs. Bullen was not entitled to have dower assigned to her out of the homestead tract to which she had forfeited her rights by her removal to the State of Kentucky.

Mrs. Bullen, being dissatisfied with this holding of the court of civil appeals, has brought the cause to this court by writ of *certiorari,* and for review.

By her assignments of error she presents the single question: Is a widow to whom homestead and dower have once been regularly and duly assigned, upon her application, in her deceased husband's lands, and who forfeits her homestead right by her removal to another State, entitled to have dower assigned in the homestead tract?

So far as we know, this question has never before arisen in this state. Previous to the Act of 1879 (Laws 1879, chapter 171), the homestead right was lost by the abandonment of its occupancy by the head of the family. *Henry* v. *Wilson,* 9 Lea, 176. But since the passage of that act the right of homestead is not dependent upon occupancy, and hence assigned homestead is not abandoned by removal from the premises, except by permanent removal beyond the limits of the State, or by other unequivocal attendant act showing a clear intention to abandon the homestead and not to receive its benefits. *Briscoe* v. *Vaughn,* 103 Tenn., 308, 52 S. W., 1068; *Coile* v. *Hudgins,* 109 Tenn., 217, 70 S. W., 56.

But it is unnecessary to cite authorities on this question, because, as before stated, we do not understand that Mrs. Bullen is making any question as to the correctness of the holding of the chancellor and the court of civil appeals on this question. Her insistence is that this does not affect her right to dower in the homestead tract under the statutes applicable to dower.

Section 4139 of Shannon's Annotated Code provides:

"If any person die intestate, leaving a widow, she shall be entitled to a dower in one-third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner. (1784, April Ses., 22, sec. 8; 1823, ch. 37, sec. 4.)"

By section 4141 of said Code it is provided: "This third part shall be and inure to her own proper use, benefit, and behoof, for and during the term of her natural life. (1784, April Ses., ch. 22, sec. 8.)"

Section 4142 reads: "And in said third part shall be comprehended the dwelling house in which the husband

was accustomed most generally to dwell next before his death, commonly called the mansion house, unless the widow agree that it shall not be included, together with the offices, outhouses, buildings, and other improvements thereunto belonging or appertaining."

Section 4143 provides: "But if it appear to the court assigning the dower that the whole of said dwelling house, outhouse, offices, and appurtenances, cannot be applied to her use without manifest injustice to the children or other relations, then such part or portion thereof as the court shall conceive will be sufficient to afford her a decent residence, due regard being had to her condition and past manner of life, shall be assigned to her."

Section 4144 provides: "In assigning the widow her dower, the commissioners shall not be compelled to assign her a third part of each separate tract of land, where there are more tracts than one, but may make the assignment, according to quality and quantity, in such manner as will give her one-third in value of the whole estate. (1823, ch. 37, sec. 2.)"

The act of 1784 giving dower to the widow in one-third of all the lands of which her husband died seized and possessed, or of which he was the equitable owner, was enacted long before the creation of the present homestead right, which originated with the Constitution of 1870 (article 11, section 11. This section provides that— "A homestead in the possession of each head of a family, and the improvements thereon, to the value in all, of one thousand dollars, shall be exempt from sale under legal process during the life of such head of a family, to inure to the benefit of the widow, and shall be exempt during the minority of their children occupying the same. Nor shall said prop-

erty be alienated without the joint consent of husband and wife, when that relation exists. This exemption shall not operate against public taxes, nor debts contracted for the purchase money of said homestead, or improvements thereon."

This section of the Constitution is, in substance, embodied in section 3798 of Shannon's Code.

Section 4145 of Shannon's Code provides: "Where a widow is entitled to both homestead and dower out of the same lands, the commissioners shall set apart the homestead first, and then one-third of the remainder of such lands as dower; and if the real estate is so situated that the homestead and dower cannot be set apart in kind, as herein provided, then such realty shall be sold and one thousand dollars of the proceeds thereof invested in real estate for the benefit of said widow and minor children, under the direction of the court having jurisdiction, to be held as a homestead subject to the law governing homesteads; and dower shall be assigned out of the residue of said proceeds. (1873, ch. 98.)"

It will be noted that the homestead statute augments the interest of the widow in her deceased husband's lands. Before the passage of the homestead statute, she was only entitled to dower in one-third of her husband's lands. She was not entitled to homestead. Since the passage of the homestead statute, she is entitled to both homestead and dower; that is, she is entitled to a homestead of the value of $1,000, and dower in one-third of the remainder of her deceased husband's lands. In order to show the advantage given a widow under the homestead statute, we will make the following illustration: Suppose a husband dies leaving lands of the value of $3,000. Prior to the passage of

the homestead statute, his widow would have been entitled to one-third of all his lands as dower which would have amounted in value to $1,000. Under the homestead and dower statutes as they now exist, she would be entitled to a homestead of the value of $1,000, and one-third of the remainder as dower, which would give her a life estate in the lands of her husband of the value of $1,666.66⅔. So it will be seen that the widow is given a liberal additional benefit by the homestead statute. The widow in the instant cause could have waived or relinquished her homestead right in her deceased husband's lands, but she elected to claim both homestead and dower, and, in accordance with section 4145, above quoted, both were set apart to her. She afterwards, by her voluntary act, forfeited her homestead right in the tract set apart to her as a homestead. Now, she undertakes to have a reassignment of dower so as to set apart to her one-third of the homestead tract in value as dower. Is she entitled to do this? We think not. Having previously elected to have both homestead and dower assigned to her in her husband's lands, which was done, she cannot now have dower assigned in the homestead tract. The statutes do not contemplate any such thing. If it were the intention of the statute (section 4145) that the widow should have the additional right of dower in the homestead tract, why provide that the homestead be first set apart, and then dower set apart in one-third of the remainder? It would have been more reasonable for the statute to have provided that dower should first be set apart to the widow out of the entire lands, giving her one-third thereof, and that homestead then be set apart to her out of the remainder. Or to state it differently, after providing that homestead shall first be assigned, why then provide that

one-third of the remainder shall be set apart to her as dower? Why should the statute not have provided that dower be assigned to her in one-third of all the lands?

The homestead right and the dower right are different interests, and rest upon entirely different principles. It has already been shown that in setting apart dower, the statute provides that the buildings are not to be included or charged to the widow in the valuation thereof, but they are to be included and charged to her in setting apart the homestead. And where the widow asks that both homestead and dower be assigned to her, she is not permitted to have the homestead set apart so as not to include the dwelling house and outbuildings, but have them included in the dower without having same charged to her; she, having elected to take homestead in the premises, must take the same burdened with the rule applicable to homestead.

In *Christopher* v. *Christopher*, 92 Tenn., 411, 21 S. W., 890, it was said:

"The exception most relied on, and earnestly argued, was that the widow had the power to elect where the homestead should be located, and she desired that the mansion house and other improvements be included in the dower, so that the value of the improvements should not be estimated, and that she be permitted to select a homestead outside of the improvements. The Commissioners, in first laying off the homestead, followed the statute, M. & V. Code, sections 2944 and 3250, which provides, 'where a widow is entitled to both homestead and dower out of the same lands, the commissioners shall set apart the homestead first, and then one-third of the remainder of such lands as dower.' In this case, the widow had no right of election, for her husband, the owner of the land, had made

a selection by having his residence and home thereon many years prior to and at the time of his death, and she, as widow, was bound by his election. We hold, therefore, that the action of the commissioners in first setting aside the homestead, including the mansion and adjacent outhouses, to the value of one thousand dollars, and then assigning one-third of the balance of the land as dower, was correct, and the decree of the court confirming the report is affirmed, and petitioner will pay the cost."

The heirs of the deceased, W. T. Dalton, would have had the right to sell and convey the homestead tract, subject to the widow's homestead right, before she abandoned the same by her removal to the state of Kentucky. Suppose this had been done, and the widow, after the sale, had removed from the State, and thereby abandoned her homestead right, could she then have claimed dower against the purchaser of the reversionary interest in the homestead tract? We think not, because the statute contemplates no such right. If, however, the contention of the widow in the instant cause is sound—that is, if both homestead and dower rights existed in the homestead tract—such a result would follow.

We are of the opinion, therefore, that when dower was assigned to Mrs. Bullen in the estate of her deceased husband, all the dower right she had in her deceased husband's lands was confined to that particular portion set apart to her as dower, and the heirs' rights in said property, outside of the tract set apart as dower, became absolute so far as the dower right of the widow was concerned. Her right in the homestead tract was that of a homestead solely. She had no dower right in it, and when she voluntarily abandoned her homestead right she lost all the right she

had therein, and the right of the heirs of her deceased husband became absolute.

Counsel for appellant rely on the case of *Chrisman* v. *Linderman,* 202 Mo., 605, 100 S. W., 1090, 10 L. R. A. (N. S.), 1205, 119 Am. St. Rep., 822, as a case supporting their contention. In that case section 3621 of the Revised Statutes of Missouri (1899) provides:

"The commissioners appointed to set out such homestead shall, in cases where the right of dower also exists, also set out such dower, and they shall first set out such home-stead, and from the residue of the real estate of the deceased shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of the widow in such homestead; and if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such housekeeper or head of a family shall have died seized, no dower shall be assigned to such widow."

It will be observed that under the statute of Missouri the widow, in no event, can have more than one-third of her husband's estate set apart to her as homestead and dower, and if the homestead equals or exceeds one-third of the entire real estate of her husband, no dower is to be assigned to her, and the court so held in the case of *Chrisman* v. *Linderman,* supra, but held that the nonassignment of dower in such case did not preclude the right of the widow to have it assigned upon losing her homestead right by her remarriage, which act terminates the homestead right under section 3620 of the Missouri statute. The court held that, under such circumstances, the right of dower existed in the homestead tract, but the widow's

Clark v. Bullen.

right to its assignment was suspended during the existence of the homestead estate entirely overlapping it.

So it will be noted that, under the Missouri statute, which is unlike ours, in all cases where the homestead equals or exceeds one-third of the real estate, the widow is not entitled to have dower assigned in said real estate, unless she loses or forfeits the homestead estate, in which event she may have dower assigned out of the homestead; she not having previously had dower assigned in any portion of her husband's lands.

We find no error in the judgment of the court of civil appeals, and it is affirmed.