## JENNIE FLYNN, Admx. v. WALTER FOWLER FLYNN et al.

### Middle Section.   October 10, 1925.

#### No petition for Certiorari was filed.

1. **Dower. Widow may not have dower out.of so much of the real estate as is required to pay the purchase money.**
   Vendor's lien retained for purchase is superior to widow's right of dower. She may be endowed only as to so much as belongs to her husband's estate legal or equitable.

2. **Dower. Widow is entitled to be endowed only out of surplus after payment of mortgage debt.**
   There can be no difference between right of dower in an estate encumbered by vendor's liens for purchase money and that encumbered by mortgage in which the widow has joined.

3. **Dower. Widow may recover for homestead and dower from personalty where land is sold by lien creditors.**
   Where her real estate was sold by lien creditors the widow held to be subrogated and entitled to recover from personal estate to the extent of lien creditors' rights therein, and this notwithstanding insolvency of personal estate. In instant case widow's share in personal estate, held too small to justify sustaining bill of review.

Appeal from Chancery Court, Jackson County; Hon. W. R. Officer, Chancellor.

Affirmed.

B. C. Butler, of Gainesboro, for appellant.

H. L. Page, and D. B. Johnson, of Gainesboro, for appellee.

DeWITT, J.   This is an appeal by Jennie Flynn, widow of Major Flynn, from a decree dismissing her bill of review for error apparent on the face of the record, rendered in a cause styled—Jennie Flynn, Administratrix, v. Walter Fowler Flynn, et al., in which the estate of Major Flynn, deceased, was being administered as an insolvent estate.

In said cause the only piece of real estate owned by Major Flynn, at the time of his death, was sold for the sum of $14,975. Of this sum there remained only $2,500, after the payment of certain debts secured by mortgages on the land, the deduction of the homestead interest and costs of the suit.

The personal estate of Major Flynn amounted to only $250 after setting apart a year's support for the widow and minor children.

The original bill was filed by complainant, as administratrix. Thereafter an amended bill was filed and the case proceeded in an orderly way to a final decree, in which the widow was adjudged to be entitled to dower in the surplus remaining after the payment of the mortgage debts and the assignment of the homestead interest. No appeal was taken from this decree.

In her bill of review, the complainant insists that if there is any allegation charge or intimation in either her original or amended bills which limits her dower interest in the lands belonging to her deceased husband or the proceeds of said sale of lands to less than one-third of all lands of which he died possessed, or of which he was equitable owner, the same was an error of law apparent on the face of the bill and she should be relieved of any such erroneous charge and be granted a dower interest of one-third of all lands of which he died seized and possessed; and she having elected to accept cash as her interest or dower, should be subrogated to the rights of all lien creditors to all monies belonging to said estate after the payment of said lien debts, her dower to be calculated upon the sum of $14,975, instead of the surplus of $2,500.

Various defendants, being creditors of the decedent, answered the bill of review and pleaded that the said widow was estopped by the former proceedings to claim dower on the basis of the total of the purchase money, and insisted that she was dowable only in the surplus. The chancellor dismissed the bill of review on the ground that there was no error in the decree complained of in the bill of review.

From this decree the widow has appealed to this court and her appeal presents the sole question as to the basis upon which she is entitled to have her dower interest calculated.

The personal assets of the estate of the decedent are primarily liable for the payment of debts, and the execution of the deed of trust by the wife, conveying the rights of homestead and dower in a tract of land, only waives and conveys that right so far as the particular creditor secured is concerned. White v. Fulghum, 87 Tenn., 284, 10 S. W., 501.

Under Section 4139 of Shannon's Annotated Code, the widow is entitled to dower in an equitable, as well as a legal, estate.

In some jurisdictions the rule is followed that the widow is entitled to have the value of her right of dower in the entire proceeds of the sale of her husband's lands to be ascertained and thus to have the same paid out of the surplus remaining after satisfaction of the debts secured by mortgage thereon.

One of the leading cases to this effect is, Mandel v. McClave, 46 O. St., 407 N. E., 290, 15 A. S. R., 627, 5 L. R. A., 519. But in Tennessee it was laid down in Williams v. Woods, 1 Hum., 408, that

the widow is entitled to one-third the surplus for life as dower after payment of the purchase money.

This rule has been uniformly followed. · In Boyd v. Martin, 9 Heisk., 385, it was held that the vendor's lien retained for purchase money is superior to the widow's right of dower; that she cannot have dower out of so much estate as is required to pay the purchase money; that she may be endowed only of so much as belongs to her husband's estate legally or equitably.

In that case it was held that if the house and lot was sold for $1,500, more than was sufficient to pay the vendor's lien, that sum belonged to the estate of Martin and the widow's dower of one-third should be taken out of that sum; that to hold that she would take all the surplus of $1,500 would be to disregard the well-settled principle and rule of law that the widow shall have as a dower, one-third part of all the land of which the husband was the legal or equitable owner at the time of his death; that the husband was neither the legal or equitable owner of the property until it was paid for, so as to entitle the widow, upon his death, to dower out of the whole, but her right to dower was restricted to one-third for life of the surplus, after satisfying the vendor's lien. To the same effect are: Featherston v. Boaz, 2 Shannon's Cases, 296; Gwynne·v. Estes, 14 Le.., 672.

There can be no difference in principle between the right of dower in an estate encumbered by vendor's lien for purchase money and that incumbered by mortgage, in which the widow has joined.

In Creath v. Creath, 86 Tenn., 663, it was held, that the widow is entitled only to be endowed out of the surplus after payment of the mortgage debts.

In Whitmore & Kendall v. Rascoe, 112 Tenn., 635, it was pointed out, that in none of these cases did it appear that the deceased husband left any personal estate liable for the payment of the lien or any other debt or that any effort was made by the widow to reach the personal estate to compel it to make good ;he loss of her dower interest in the payment of the lien debt. So, in that case it was held that if the lien creditors subjected the land to the payment of their lien debts without resorting to the personalty for payment, the widow is entitled to be subrogated to the rights of such lien creditors for reimbursement out of ·the personalty for the loss of homestead and dower in the land so subrogated to the lien debt, notwithstanding insolvency of the personal estate.

The contention of the widow was sustained to the effect that she was entitled to dower and homestead, not only out of the surplus arising from the sale of the realty, but out of that surplus augmented by the pro rata to which the lien creditor would be entitled out of the personal assets of the insolvent estate.

This is as far as the decisions have gone in Tennessee in fixing the basis upon which the widow's right to dower is to be calculated.

In Yoe v. Sansom, 48 S. W., 317, it was held by the court of chancery appeals and affirmed by the Supreme Court, that a widow can be reimbursed out of the personalty of an insolvent estate for her homestead and dower in the only realty her husband died possessed of, which was lost under the mortgage in which she waived homestead and dower and which was foreclosed before the administrator had sufficient assets to protect her dower.

This decision was approved again in Whitmore & Kendall v. Rascoe. In that case there was no surplus from sale of the land out of which homestead and dower might be set aside. The chancellor held that the widow was entitled to be reimbursed and paid the value of her homestead and dower out of the personal estate although it was insolvent.

In the Whitmore & Kendall case there was a surplus from sale of the land and the court allowed dower and homestead to be assigned on the basis of this surplus augmented by the aforesaid dividend had the lien debt been proven against the personalty.

The same rule was applied in both cases.

In the instant case it appears that there is only about $250 of personal estate. Any dividend out of this sum accruing to the widow by subrogation to the rights of the mortgage creditors would be so slight as to be negligible, and we would not be justified in sustaining the bill of review in order that she might derive thereby a sum which would be a mere trifle.

The chancellor committed no error in dismissing the bill of review. His decree is affirmed.

The costs of this appeal will be adjudged against the appellant, Mrs. Jennie Flynn, and the surety on her bond.

Faw, P. J., and Crownover, J., concur.