MAGGIE COBB v. ALICE PEGUES, et al.

Western Section. July 31, 1928.

No petition for Certiorari was filed.

B. F. Booth, of Memphis, for appellant.
Anderson & Heiskell, of Memphis, for appellee.

SENTER, J. The complainant, Maggie Cobb, is the widow of Henry Cobb, deceased, who died testate in Shelby county, Tennessee, in July, 1925. At the time of his death he was the owner of certain real estate described in the original bill. Prior to his death he had sold off certain real estate. On June 27, 1923, he executed his last will and testament, and in which he disposed of his property.

The complainant, Maggie Cobb, as the widow of Henry Cobb, dissented from the will. The only question involved on this appeal is with reference to the right of the widow to have the real estate sold and her homestead and dower rights valued and paid to her out of the proceeds of the sale.

Upon an order of reference made by the Chancellor to the Master as to whether the property was so situated as to be susceptible of a partition in kind and homestead and dower set apart to the widow in kind, or whether it would be to the best interest of all parties that the property be sold for division, the Master reported that it would be to the best interest of all the parties that the property be sold and that the homestead and dower set apart to the widow out of the proceeds of the sale. Exceptions were duly taken by the defendants to the report of the Master on that question, and the exceptions thereto were sustained by the Chancellor to so much of the report of the Master as reported that it would be to the best interest of the parties that the property be sold and that the homestead and dower interest of the widow be paid to her in cash out of the proceeds of the sale, and in holding that it would not be to the best interest of the parties that the property be divided in kind and homestead and dower set aside to the widow out of the property owned by the deceased at the time of his death.

The Chancellor appointed commissioners to set aside homestead and dower to the widow in kind, and to the action of the Chancellor in sustaining the exceptions to the report of the Master on that subject, and in appointing commissioners to set aside homestead and dower in kind, the complainant excepted and has appealed to this court. The appeal is only from that part of the decree of the Chancellor holding that the property was susceptible of a partition in kind and in appointing the commissioners to set aside the homestead and dower to complainant in kind.

There is only one assignment of error, which is as follows:

"The Chancellor held that it was not necessary to sell the property to give the complainant, the widow, her homestead and dower; that it could be set aside in kind out of the real estate. This was error because all the proof shows that there was but one house on the property and that the other property was of small value and there was no income whatever from it out of which the widow could receive any revenue. This is the only question involved."

In support of this assignment of error appellant quotes from the cross-examination of A. J. McNeil, a real estate dealer, and a witness for the defendants. This witness testified in substance that there was the house consisting of three rooms and a kitchen which he valued at $1200 for the house and lot; that the rental value of the house was about $12 per month. He testified that the balance of the real estate was vacant lots, and would not produce any revenue except when rented for garden purposes.

We think a decided preponderance of the evidence supports the conclusion reached by the Chancellor that the property was susceptible of partition in kind, and that homestead and dower could be set apart to the widow out of the real estate owned by her deceased husband, at the time of her death. The question is made by appellant that in order to do this the commissioners would have to assign to the widow vacant lots in connection with the four room house, and that these vacant lots are not productive of any revenue.

Section 3808 of Shannon's Annotated Code provides as follows:

"The homestead in lands of a decedent inuring to the benefit of his widow or minor children, occupying the same, shall be assigned and set apart in the same manner as dower is assigned and set apart, and by the same commissioners; but where a widow is entitled to both homestead and dower out of the same lands, the commissioners shall set apart the homestead first, and then one-third of the remainder of such lands as dower; and if the real estate is so situated that the homestead and dower cannot be set apart in kind as herein provided, then such realty shall be sold, and one thousand dollars of the proceeds thereof invested in real estate for the benefit of said widow and minor children, under the direction of the court having jurisdiction, to be held as a homestead subject to the law governing homesteads, and dower shall be assigned out of the residue of said proceeds."

By Section 4145 (Shannon's Ann. Code) it is provided:

"Where a widow is entitled to both homestead and dower out of the same lands, the commissioners shall set apart the homestead first, and then one-third of the remainder of such lands as dower; and if the real estate is so situated that the homestead and dower cannot be set apart in kind, as herein provided, then

such realty shall be sold, and one thousand dollars of the proceeds thereof invested in real estate for the benefit of said widow and minor children, under the direction of the court having jurisdiction, to be held as a homestead subject to the law governing homesteads; and dower shall be assigned out of the residue of said proceeds.''

By Section 4139 (Shannon's Ann. Code) it is provided:

"If any person die intestate, leaving a widow, she shall be entitled to a dower in one-third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner."

Appellant has cited the case of Summers v. Donnell, 7 Heisk. (54 Tenn.), 566, in support of the contention made under its assignment of error, that the widow has the right to elect whether she will take her homestead and dower in kind, or whether the property be sold and she have her homestead and dower interest valued and the property sold and her interest paid to her out of the proceeds of the sale, and quotes what purports to be a literal quotation from that case, but the language used by the court in that case is as follows:

"Upon the death of her husband and her dissent from his will, the right of the widow to the use and occupation of one-third of the house and lot attached, and was vested. As the dower could not be set apart by metes and bounds, her right to one-third of the annual rental value of the property was vested and fixed. (Lewis v. James, 8 Humph., 541). Her right was the use and occupation of one-third of the property in specie. This right was superior to that of the creditors, and could not be affected by a sale for their benefit. Her election to take the equivalent of the use and occupation, or to take a sum in gross in lieu thereof, could not be interfered with or controlled by any decree of the court. It was an absolute fixed right beyond the power of the court to impair."

It will thus be seen that the court states: "As the dower could not be set apart by metes and bounds, etc." In that case it appears that Donnell died leaving his widow surviving him. The only real estate owned by him was a store house in Gallatin. His widow dissented from his will, and applied to the county court for dower, which was allotted to her. The court then states: "The house not being divisible, her dower assigned was the one-third of the house and lot. The yearly rental value of the house and lot is about $500, and the market value of the house and lot is from $2,500 to $3,000. After dower was allotted, the executor filed his bill, suggesting the insolvency of the estate and praying for a sale of the house and lot, and that the entire property be sold, including the dower and that a gross sum out of the proceeds be assigned to the widow as dower. She answered,

not resisting the sale, but insisting that it should be made subject to her right of dower in the property.''

After proof was taken, it appears that the Chancellor in that case ordered an absolute sale of the property, requiring the widow to take a sum in gross as her dower in the property. This decree of the Chancellor was reversed, and in the opinion the above quoted language was used by the court.

Appellant also cites the case of Prichitt v. Kirkman, 2 Tenn. Chan., 392. In that case the court simply held that the widow agreed to receive for her dower in the estate of her deceased husband by the allotment to her in fee of lots of the value of the dower. The court in that case held: ''Although she cannot be forced to do this, she may voluntarily elect to do so.'' (Citing Summers v. Donnell, supra).

We do not find anything in these two cases relied upon by appellant to support the contention made under the assignment of error now being considered. The sections of the Code hereinbefore referred to and quoted require that where the property is so situated and is of such character as to be susceptible of a partition in kind, the homestead and dower rights of the widow shall be set apart in kind. We find no error in the action of the Chancellor in appointing the commissioners to set apart the homestead and dower to complainant, in kind, out of the real estate owned by the deceased at the time of his death.

The assignment of error is overruled and the decree of the Chancellor is affirmed, and the cause is remanded to the chancery court for further proceedings under the decree of the Chancellor. Appellant and surety on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.