Annie E. Whitehead *et al.*, Complainants, Appellees, *v.* Brownsville Bank *et al.*, Defendants, Appellants.

(*Jackson,* April Term, 1933.)

Opinion filed June 17, 1933.

250

JOHN R. BOND, for complainants, appellees.

KINNEY & CARLTON, JOHN T. GRAY, JR. and HUGH L. CLARKE, for defendants, appellants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this court, the case before us involves a controversy over a widow's dower. The intestate owned three parcels of realty at the time of his death and his estate was insolvent.

As the facts are found by the lower courts, one tract of land was of the value of $4786.35, mortgaged for $4818.96; another of the value of $7788.75 unencumbered; another of the value of $7000 unencumbered. Improvements on one of the tracts known as the homestead tract of the value of $3500—the total value of the land with improvements being $23,075.10.

The chancellor allowed to the widow as dower land of the value of $7791.70—one-third of the total value of all the land including improvements without deduction of the mortgage. The Court of Appeals allowed to the widow as dower one-third of all the lands in value, without the improvements. Both courts allotted to her that portion of the land containing the improvements, in value, without charging her with the value of the improvements. Both courts likewise calculated her dower upon the gross value of the land, without deduction of the mortgage. Both the widow and the creditors have filed petitions for *certiorari* and both these petitions have been granted. The widow waived her homestead and the creditors also questioned her right to do this.

The first complaint of the creditors is that the lower courts erred in considering the mortgaged tract when they set apart the widow's dower. We think this complaint is well made for the widow joined in the mortgage, waiving her homestead and dower.

The result reached below was thought to be required by section 8351 of the Code, Shannon's Code, section 4139, providing that the widow shall not only be entitled to dower in the lands of which her husband died seized and possessed, but in the lands "of which he was at death equitable owner." The reasoning is that "although the wife waived dower, she only waived it as to the mortgagee, and that, as against the heirs and general creditors, she is entitled to have the mortgaged property considered in setting aside her dower." *Hall* v. *Fulgham*, 86 Tenn., 451, is cited as sustaining this conclusion. We regard the conclusion as erroneous.

Section 8351 of the Code is in these words:

"If any person die intestate, leaving a widow, she shall be entitled to a dower in one-third part of all the lands of which her husband died seized and possessed, or of which he was at death equitable owner."

Section 8352 of the Code is as follows:

"She shall also be entitled to dower in lands by the husband mortgaged or conveyed in trust to secure debts, after marriage, when the husband dies before foreclosure of the mortgage, or sale under the deed of trust."

At the common law the widow was dowable of all lands of which her husband was seized during coverture.

Under chapter 27 of the Acts of 1784 (N. C.), the widow was dowable only of the lands of which her husband died seized and possessed. The husband of course did not die seized and possessed of lands which he had previously conveyed in trust and prior to chapter 37 of the Acts

of 1823, the widow had no dower in lands so conveyed. *Chester* v. *Greer,* 24 Tenn. (5 Humph.), 26; *McIver* v. *Cherry,* 27 Tenn. (8 Humph.), 712.

Section 8351 of the Code, it being section 2398 of the Code of 1858, is based on the Act of 1784 and the Act of 1823 both. Under the latter Act, making the widow dowable in the equitable estate of the husband, with respect to mortgaged lands, she became dowable in the equity of redemption. That is to say, calculating her dower according to value, she became entitled as dowager to one-third of the surplus, after payment of the mortgage.

Section 8352 of the Code, being section 2399 of the Code of 1858, above quoted, is based on chapter 57 of the Acts of 1855-56. Under the Act of 1855-56, the widow was not deprived of her dower by the husband's conveyance in trust, after marriage, of lands owned by him, if the husband died before foreclosure of the mortgage.

The construction of these statutes just indicated has been previously announced by this court in *Tarpley* v. *Gannoway,* 42 Tenn. (2 Cold.), 246, and *Gregg* v. *Jones,* 42 Tenn. (5 Heisk.), 443. The foregoing observations apply to cases where the husband alone conveys his land in trust—cases where the wife does not join in such conveyance.

■ In the case before us, if the widow had not joined in the mortgage, she would be dowable as the lower courts have held. But the widow here did join, waiving her dower. And the wife may waive and relinquish this right. *Atwater* v. *Butler,* 68 Tenn. (9 Baxt.), 229.

■ It is conceded that the widow has no right of dower in this mortgaged land which she may assert against the mortgagee. Here, the mortgage debt amounts to more than the value of the land. That is to say the

mortgagee will take all the mortgaged tract for his debt. There will be nothing left of this tract, out of which dower may be assigned. The mortgaged tract therefore cannot be included with the intestate's other lands in calculating the widow's dower.

In *Gwynne* v. *Estes,* 82 Tenn. (14 Lea), 662, this court plainly declared that with respect to mortgaged land, the wife having joined in the conveyance waiving dower, she was only dowable in the surplus of the land after the mortgage debt was paid. The same conclusion was reached by the Court of Appeals in *Flynn* v. *Flynn,* 1 Tenn. App., 188.

There is nothing to the contrary in *Hall* v. *Fulgham,* 86 Tenn., 451. It was said in that case that one waiving homestead in a mortgage of a tract of land only waived it as to the mortgagee, not as against general creditors. Homestead was allowed, as against the general creditors, but there was a surplus above the mortgage debt out of which the homestead was taken.

In the case before us the widow waived her homestead right to avoid complications in dividing the land so as to include both homestead and dower. It is insisted by the general creditors that she was not entitled to do this, that thereby she obtains more as dower than she would otherwise have obtained as homestead and dower. The right of a widow, however, to waive her homestead has been distinctly recognized by this court in *Clark* v. *Bullen,* 147 Tenn., 261. We see no reason why she might not relinquish this right just as she might any other right.

The widow complains of the action of the Court of Appeals in calculating the value of the lands, for the assignment of dower, without including the value of the improvements. We think, however, this was proper.

Section 8354 of the Code provides that in the third part of the lands assigned to the widow as dower "shall be comprehended the dwelling house in which the husband was accustomed most generally to dwell next before his death, unless the widow agree that it shall not be included, together with the outhouses, buildings, and other improvements thereunto belonging or appertaining." This is substantially the language used in section 2401 of the Code of 1858 and section 4142 of Shannon's Code.

In *Vincent* v. *Vincent,* 48 Tenn. (1 Heisk.), 333, and *Puryear* v. *Puryear,* 64 Tenn. (5 Baxt.), 640, construing this section of the Code, it was held that the value of the buildings mentioned was not to be estimated in making the assignment of dower. While these cases came before the court in an aspect somewhat different from that of the present case, we think the rule announced is applicable here. Neither the lands as a whole, nor the widow's share of the land, should be augmented by the value of the buildings.

With the modifications indicated, the decree of the Court of Appeals will be affirmed and the cause remanded for proceedings in conformity with this opinion.