WYRICK et al. v. HALE et al. No. 8—209 S. W. (2d) 50.

Eastern Section. July 9, 1947.

Petition for Certiorari denied by Supreme Court, October 19, 1947.

598

White & Leonard, of Knoxville, for appellants.

Creekmore & Buhl, of Knoxville, for appellee Callie Hale.

McAMIS, J.   This case presents a contest between the heirs at law of Dawson E. Hale, deceased, and the widow,

the defendant Callie Hale, Dawson E. Hale having died intestate in Knox County, Tennessee, on April 13, 1943, leaving his widow, and a number of brothers and sisters as his heirs at law. (He had no children.)

The bill was filed January 31, 1946, by two sisters and a brother against the widow and other brothers and sisters. The bill alleges that Dawson E. Hale owned at the time of his death two houses and lots in Knoxville, Knox County, Tennessee, and about 40 acres of land in Union County, Tennessee; that the widow, since the death of her husband, had been occupying and receiving rents on the property located on Woodbine Street in Knoxville; that she had allowed the taxes to became delinquent on that piece of property as well as on the Beaumont Street property; that there were no outstanding debts against the estate except taxes and that homestead and dower had never been set aside to the widow.

The bill sought an accounting against the widow for rents and profits and prayed that she be charged with the amount collected as rent in determining the value of her dower interest. The bill also sought to have Commissioners appointed to set aside homestead and dower for the widow and prayed that the remaining property be sold for partition and division among the several heirs.

The Chancellor held that the Chancery Court is without jurisdiction to appoint Commissioners to set aside homestead and dower and that the widow, since the death of the intestate, had been occupying the mansion house on Woodbine Avenue; that the mansion house and the small dwelling on the rear of the lot fronting on Cruze Street constituted a single unit occupied by the deceased at the time of his death as a homestead; that the small dwelling on Cruze Street could not be separated

from the main dwelling and that the widow was entitled to claim the entire property as dower without being charged with the value of the improvements thereon, the result being that complainants were not entitled to have the property sold for partition without the consent of the widow. The decree recites, however, that the widow had consented that all other real estate of the deceased be sold for partition and the Clerk and Master was ordered to advertise the house and lot on Beaumont Avenue and the acreage tract in Union City for sale. The question of the rights of the widow in the proceeds arising from the sale of that property was reserved. Complainants prayed and were granted an appeal from the action of the court in denying a sale of the Woodbine Avenue property and the holding of the court that the widow could select that property as her homestead and dower.

The assignment that the court erred in holding that the Chancery Court is without jurisdiction to appoint Commissioners for setting aside homestead and dower must be sustained. We think it is clear that a court of equity, in a suit for partition, has inherent power to do complete justice between the parties, including the right to appoint Commissioners for the setting aside of homestead and dower. This is upon the principle that, having taken jurisdiction for one purpose, a court of equity will take jurisdiction for all purposes. In addition, jurisdiction to set aside homestead and dower is conferred by statute. Code, Secs. 8367, 10326, 10380. These statutes giving the Chancery Court jurisdiction concurrent with the County Court, do not, in express terms, include jurisdiction to set aside homestead. But the same may be said of Code, Sec. 10225, defining the jurisdiction of County Courts. Both courts, however,

have exercise jurisdiction from ancient times and the practice has been both in the County Court and in the Chancery Court to appoint Commissioners to set aside homestead. We think neither the jurisdiction of the Chancery Court nor its right and power to appoint Commissioners can be questioned at this late date. Cases where the right has been exercised might be cited almost without limit. See Gibson's Suits in Chancery, Section 1332, where the learned author assumes, apparently without question, that an application for homestead and dower may be made in the Circuit or Chancery Courts as well as in the County Court.

We are further of opinion the court should not, as a matter of practice, attempt to determine questions relating to the allotment of homestead and dower until Commissioners have been appoined and have reported their findings.

"The court cannot determine how to allot dower without the report of such Commissioners. . . . If, therefore, Commissioners are appointed and they report that the real estate is so situated that the dower cannot be set apart in kind, then under the mandatory provisions of the statute, the real estate must be sold and dower assigned out of the proceeds. And, as aforesaid, this question must first be determined by the Commissioners before the court can act upon it." Wilhite, Adm'r, v. Farley, 15 Tenn. App. 317, 325.

In the case of dower, the statute, Code, Sec. 8377, prescribes what the Commissioners shall do in laying off the lands assigned to the widow. We quote:

"The commissioners shall, in their report, exhibit a plat of the dower, and also plainly set forth the same by metes and bounds where the dower can be so assigned;

and if the report is confirmed by the court, the clerk shall enter it in full with the plat on the records of the court.''

The report may be excepted to by the heirs because too much has been allowed; or it may be excepted to by the widow because too little has been allowed. These exceptions will be heard by the court, on oral or other evidence, and the court may overrule them or sustain them and set aside the report, with instructions to the Commissioners how to proceed. When the report is confirmed it will be incorporated in the decree as the statute requires. Gibson's Suits in Chancery, Section 1333.

It is thus made clear, we think, that the primary duty of determining whether dower may be set aside and, if so, fixing the boundaries thereof, rests with the Commissioners and, secondarily, with the court in event exceptions are filed by any interested party. Since this procedure was not followed in the instant case and we have concluded that the cause must be remanded for the appointment of Commissioners, we refrain from passing on the fact questions presented. One of these questions is raised by the Second Assignment directed to the holding of the Chancellor that the small house on the rear of the Woodbine Avenue property cannot be separated from the main dwelling in assigning homestead and dower. This question can best be determined after the Commissioners have viewed the premises and made a report of their findings. It may be that the question will not arise as it may be found that the entire property will be needed to provide homestead and dower for the widow.

The third assignment is that the court erred in holding that the widow has the right to claim the Woodbine Avenue dwelling and all of the adjacent buildings on the lot including the small dwelling fronting on Cruze Street as homestead and dower without being charged with the value of the improvements thereon.

We do not understand that the widow contends that, in the allotment of homestead, she is not chargeable with the value of improvements. She does insist, however, that, in fixing the value of the allotment for dower, she is not to be charged with the value of improvements.

The statutes creating the right to dower and providing for its allotment, Code, Secs. 8351-8357, were passed at a time when estates consisted mainly of farm lands. To attempt to apply them to city property is in some cases not without difficulty.

Code, Sec. 8354, provides that the dower of the widow shall comprehend the dwelling house in which the husband was accustomed to dwell at the time of his death, unless the widow agrees that it shall not be included, together with the outhouses, buildings, and other improvements "thereunto belonging or appertaining."

The next Section, however, provides that if it appear that the dwelling house and appurtenances cannot be assigned as dower "without manifest injustice to the children or other relations, then such part or portion thereof as the court shall conceive will be sufficient to afford [the widow] a decent residence, due regard being had to her condition and past manner of life", shall be assigned to her.

Section 8357 provides that where the widow is entitled both to homestead and dower out of the same land, the Commissioners shall first set aside the homestead and

if the real estate is so situated that homestead and dower cannot be set apart in kind, then it shall be sold and $2,000 of the proceeds invested in real estate for the benefit of the widow and minor children and dower assigned out of the residue of the proceeds.

The case of Vincent v. Vincent, Adm'r, 48 Tenn. 333, enunciates the rule that, to carry out the intention of the Legislature, the dower should include the mansion house and other buildings and improvements ''without any reference whatever to the value of the buildings and other improvements.'' The foundation for the rule was said to be that the leading object of the statute was to give the widow the mansion house and buildings, or such part thereof as will afford her a decent residence, due regard being had to her condition and past manner of life—not to compel the widow to take all the buildings and improvements at the expense of a sufficient share in the land of her husband to give her the support intended by the statute. The court there recognized the distinction between farm lands and city property when it said:

''But, as in cities and towns, the buildings and other improvements often constitute the bulk of the estate, and by assigning the whole to the widow, as dower, injustice might be done to the children or other relatives, Section 2402 (now 8355) provides against such manifest injustice by declaring that such part or portion only shall be assigned as will be sufficient to afford her a decent residence.''

The next case to come before the Supreme Court, James v. Fields, 52 Tenn. 394, involved the widow's right to dower in nine lots adjoining each other, upon which was situated the mansion house occupied by the decedent at the time of his death. In that case the Commissioners ap-

pointed to allot dower reported that upon examination they found that the property could not be so divided as to allot one-third part in value as dower, because of the location of the improvements on the lots. The Chancellor thereupon decreed that the widow was entitled to use the buildings and one acre of ground for the period of her natural life as dower. Creditors and the administrator appealed. The Supreme Court, finding that there was no proof to show that the buildings constituted the bulk of the estate, reversed and remanded the case with directions that the widow be decreed homestead and dower "giving to the widow the mansion house and other improvements specified in the statute, and one-third in value of the land, without including them in the estimate of value."

Summers v. Donnell, 54 Tenn. 565, involved a store building which was the only real estate owned by the decedent but the question in that case was whether the widow could be required, as the Chancellor had held, to accept a sum in gross out of the proceeds of the property. The decree of the Chancellor was reversed, the holding being that the widow was entitled to one-third of the rent from the property during her natural life.

Wilhite, Adm'r, v. Farley, 15 Tenn. App. 317, cited supra, also involved city property but the decision of that case turned on the meaning of the term "or other relations," the court holding that it did not comprehend creditors of the estate.

The case of Cobb v. Pegues, 8 Tenn. App. 74, 75, also involved city property but the question there was whether the property should be sold and the proceeds divided between the widow and the heirs or dower allotted in specie. The question of whether the value of improve-

ments should be charged against the widow was not involved.

Finally, in Whitehead v. Brownsville Bank, 166 Tenn. 249, 61 S. W. (2d) 975, the opinion by Mr. Chief Justice Green refers to Vincent v. Vincent, supra, holding that, under the rule announced in that case, neither the lands as a whole nor the widow's share of the land, should be augmented by the value of the buildings. We gather from the opinion, however, that the case involved the allotment of dower out of farm lands, rather than city property.

We think none of these cases impairs the holding in Vincent v. Vincent, supra, that where the estate consists of city property and the buildings and other improvements constitute the bulk of the estate Section 8355 of the Code comes into play to prevent an injustice to the heirs.

In this case, the proof affirmatively shows that the main dwelling constitutes the greater part of the value of the Woodbine Avenue property and, to apply the rule of the Vincent case, certainly two families can dwell without inconvenience in the two houses on the lot, one fronting on Cruze Street and the other on Woodbine Avenue. As to the relative value of the lot and the main dwelling, the proof shows that the vacant lot would be worth approximately $1,000 but that the end of the lot on which the main dwelling is located with the present improvements on that end of the lot would be worth approximately $5,000.

Until the Commissioners have been appointed and have made their reports, giving the metes and bounds of the property alloted to the widow as homestead and dower, the court cannot determine just what part of this

property should be alloted to the widow or whether the entire lot with both dwellings and all the outbuildings might be necessary to give the widow her just share of the estate. We hold, however, there is no reason apparent from the present record why homestead and dower cannot be set apart and the rights of the widow and the heirs definitely and finally determined and we think it is to the interest of all parties that this be done. The case is, accordingly, remanded for proper proceedings to that end. In the exercise of our discretion the costs of appeal will be paid out of the proceeds arising from the sale of the land remaining after the allotment of homestead and dower. The widow should not be onerated with costs made necessary by the present litigation.

Hale and Burnett, JJ., concur.